UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                    Plaintiff,

v.                                                          5:10-CV-1272
                                                            (GTS/DEP)

KEEYA L. SIMMONS a/k/a Keeya Lashay Simmons,

                                    Defendant.

_____

APPEARANCES:                                    OF COUNSEL:

HON.  RICHARD S. HARTUNIAN            WILLIAM F. LARKIN, ESQ.
   United States Attorney for the N.D.N.Y.       Assistant United States Attorney
   Counsel for Plaintiff
P.O. Box 7198
100 South Clinton Street
Syracuse, NY 13261

MEGGESTO, CROSSETT & VALERINO, LLP      GARY J. VALERINO, ESQ.
   Co-Counsel for Plaintiff
313 East Willow Street, Suite 201
Syracuse, NY 13203

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this student-loan-collection action filed by the United

States of America ("Plaintiff") against Keeya L. Simmons ("Defendant") is Plaintiff's motion for

default judgment pursuant to Fed. R. Civ. P. 55(b)(2).  (Dkt. No. 11.)  For the reasons set forth

below, Plaintiff's motion is granted except insofar as it requests an award that includes $150 in

court filing fees.

I.      **RELEVANT BACKGROUND**

A.      **Plaintiff's Complaint**

Generally, Plaintiff's Complaint asserts the following two claims against Defendant: (1) Defendant has failed to make full payment on a student loan in the original sum of $1,500.00; and (2) Defendant has failed to make full payment on a student loan in the original sum of $3,500.00.  (Dkt. No. 1 & Attach. 2-3.)  More specifically, in support of the claims, Plaintiff's Complaint alleges as follows: (1) Defendant executed promissory notes to secure student loans for $1,500 and $3,500 on or about June 29, 1993, and September 7, 1994; (2) Defendant defaulted on her obligations on December 26, 1996; (3) because the guarantor of the loans attempted but was unable to collect this debt, the loans were transferred to the United States Department of Education on August 9, 2001; (4) as a result of her default, Defendant owed, as of October 14, 2008, $4,861.91 in principal, and $1,085.69 in interest; and (5) by February 5, 2010, the interest owed increased to $1,352.43 (while the amount of principal remained the same). (*Id.*)

B.      **Plaintiff's Service of its Complaint and Defendant's Failure to Answer**

On November 8, 2010, Plaintiff served its Complaint on Defendant.  (Dkt. No. 3.)  As of the date of this Decision and Order, Defendant has filed no Answer to that Complaint.  (*See generally* Docket Sheet.)

C.      **Clerk's Office's Entry of Default and Defendant's Non- Appearance**

On March 2, 2011, Plaintiff filed a request for entry of default.  (Dkt. No. 5.)  On March 2, 2011, the Clerk of the Court entered default against Defendant, pursuant to Fed. R. Civ. P. 55(a).  (Dkt. No. 6.)  As of the date of this Decision and Order, Defendant has not appeared and attempted to cure that entry of default.  (*See generally* Docket Sheet.)

### D.     Plaintiff's Motion for Default Judgment and Defendant's Non-Response

On April 22, 2011, Plaintiff filed a motion for default judgment pursuant.  (Dkt. No. 11.)

While the motion does not specify whether it is being made under Fed. R. Civ. P. 55(b)(1) or

55(b)(2), the Court construes the motion as being made under to Fed. R. Civ. P. 55(b)(2).  As of

the date of this Decision and Order, Defendant has filed no response to Plaintiff's motion.  (*See

generally* Docket Sheet.)

Generally, in support of its motion for default judgment, Plaintiff argues that it has

satisfied the two-step process for granting default judgments.  (Dkt. No. 11.)  As a result,

Plaintiff argues, it is entitled to a judgment awarding it the following damages: (1) $4,861.91 in

principal; (2) $1,699.50 in accrued interest as of April 22, 2011; (3) $38.00 for service of

process; and (4) $150.00 for "Court Filing Fees."  (Dkt. No. 11, Attach. 2, at 1.)[1]  Familiarity

with the remaining grounds of Plaintiff's motion for default judgment is assumed in this

Decision and Order, which is intended primarily for review of the parties.

## II.     RELEVANT LEGAL STANDARD

Generally, "Federal Rule of Civil Procedure 55 provides a two-step process that the

Court must follow before it may enter a default judgment against a defendant."  *Robertson v.

Doe*, 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008).  "First, under Rule 55(a),

when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'"

*Robertson*, 2008 WL 2519894, at *3 (quoting Fed. R. Civ. P. 55[a]).  "Second, pursuant to Rule

55(b)(2), the party seeking default judgment is required to present its application for entry of

judgment to the court."  *Id.*  "Notice of the application must be sent to the defaulting party so

---

[1]      While Plaintiff's motion states that the accrued interest sought therein is as of
"4/22/10," clearly that statement is afflicted by a typographical error, with an intent to mean
"4/22/11," the date of filing of the motion.  (Dkt. No. 11, Attach. 2, at 1.)

that it has an opportunity to show cause why the court should not enter a default judgment." *Id.*
(citing Fed. R. Civ. P. 55[b][2]).

## III.    ANALYSIS

After carefully considering Plaintiff's unopposed motion, the Court is satisfied that, by

and large (with the sole exception described below in the third point raised by the Court),

Plaintiff has met its modest threshold burden in establishing entitlement to a default judgment

against Defendant, under the circumstances.[2]  The Court would add only three points.

First, Plaintiff's motion would survive even the heightened scrutiny appropriate on a

contested motion.  For example, for the reasons stated above in Part I of this Decision and Order,

the Court finds that due notice of this action has been given to Defendant.  However, no Answer

has been filed and no one has appeared on behalf of Defendant.  In addition, the Clerk has

already entered default against Defendant, and Plaintiff has served Defendant with its motion for

the issuance of default judgment.  However, Defendant has still neither responded to the motion

nor appeared in this action.  Finally, the Court finds that the factual allegations of the Complaint

(together with the record evidence attached to the Complaint) are sufficient to state a claim upon

which relief can be granted.[3]

---

[2]        In this District, a movant's burden with regard to an unopposed motion is
lightened such that, in order to succeed, the movant need only show its entitlement to the relief
requested in its motion, which has appropriately been characterized as a "modest" burden.  *See*
N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines
that the moving party has met its burden to demonstrate entitlement to the relief requested
therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1 n.1 (N.D.N.Y. Oct.
30, 2009) (Suddaby, J.) (collecting cases).

[3]        *See W.A.W. Van Limburg Stirum et al. v. Whalen et al.*, 90-CV-1279, 1993 WL
241464, at *4 (N.D.N.Y. June 29, 1993) (Munson, J.) (holding that "[b]efore judgment can be
entered, the court must determine whether plaintiff's factual allegations are sufficient to state a
claim for relief . . . the court may exercise its discretion to require some proof of the facts that
must be established in order to determine liability").

Second, although Plaintiff's motion seeks to recover of interest that somewhat exceeds the interest pled in its Complaint, the Court finds that Plaintiff has shown cause for the recovery of that additional interest.  In particular, Plaintiff's Complaint alleged that, as a result of her default, Defendant owed, as of February 5, 2010, the interest in the amount of $1,352.43.  (Dkt. No. 1, at 1.)  However, Plaintiff's motion seeks to recover, *inter alia*, $1,699.50 in accrued interest assertedly owed as of April 22, 2011.   (Dkt. No. 11, Attach. 2, at 1.)  Ordinarily, this fact might give the Court pause.  However, fortunately (for Plaintiff), its request for additional interest is supported by an affidavit (Dkt. No. 11, Attach. 2), and is consistent with the interest rate stated in the Certificate of Indebtedness attached to Plaintiff's Complaint (Dkt. No. 1, Attach. 2).

Third, while Plaintiff seeks to recover, *inter alia*, $150.00 in "Court Filing Fees," it provides inadequate substantiation for that amount.  (*See generally* Dkt. No. 11.)  Granted, "[a] judgment for costs, when awarded in favor of the United States in an action brought by the United States, may include an amount equal to the filing fee prescribed under section 1914(a) of this title."  28 U.S.C. § 2412(a)(2).  However, that rule is permissive rather than mandatory in nature.  (*Id*. [using words "may include" not "shall include"].)  Clearly, under the rule, courts retain the discretion to deny a motion for a judgment for costs equal to a filing fee where the filing fee was never actually paid.  *See, e.g., U.S. v. Anthony*, 09-CV-1163, 2010 WL 681359, at *2 (N.D.N.Y. Feb. 24, 2010) (McAvoy, J.) ("The docket does not reflect that the Plaintiff paid a filing fee.  Accordingly, the Court will not award costs at this time."), *accord, U.S. v. Maye*, 09-CV-1164, 2010 WL 681396, at *2 (N.D.N.Y. Feb. 24, 2010) (McAvoy, J.).[4]  Here, the docket

---

[4]     *See also U.S. v. Bowlby,* 07-CV-0606, 2008 WL 3245467, at *1 (M.D. Fla. Aug. 7, 2008) ("The United States did not pay a filing fee in this case, even though represented by private counsel. Therefore the $150.00 will not be permitted."); *U.S. v. Burns*, 92-CV-6593, 1992 WL 247438, at *1 (S.D. Fla. Sept. 14, 1992) ("Because the United States has not actually

does not reflect that Plaintiff paid the filing fee.  (*See generally* Docket Sheet [reflecting no receipt for such a filing fee].)  This is not surprising given that, generally, clerks of the United States district courts normally do not require the United States, as a party in any civil action, to pay a filing fee.[5]

For these reasons, the Court grants Plaintiff's motion for the issuance of a default judgment pursuant to Fed. R. Civ. P. 55(b)(2), except insofar as that motion requests an award that includes $150 in court filing fees.

---

incurred the cost of the filing fee, the United States, as the prevailing party, is not entitled to tax the cost of the filing fee. . . .  Thus, this Court DENIES the United States' request to tax the filing fee that the United States never paid.") [citation omitted]; *U.S. v. Spann*, 797 F. Supp. 980, 982 (S.D. Fla. Aug. 14, 1992) ("To allow the government to recover 'something,' the clerk of court's filing fee, when it has done 'nothing,' actually pay a filing fee, would result not only in an illogical and inequitable result from the perspective of a non-prevailing party, but also undermines the notion that the federal court system gives private litigants 'a fair shake' when involved in actions with the government."); *U.S. v. Orenic*, 110 F.R.D. 584, 586 (W.D. Va. 1986) (holding that the government, as prevailing party, was not entitled to taxation as cost of filing fee which it had never actually paid, despite contention that it had constructively paid the fee through payment of clerk's salary).

[5]       *See U.S. v. Bennett*, 09-CV-1242, 2010 WL 185105, at *3, n.1 (M.D. Fla. Jan. 19, 2010) ("Clerks of the United States District Courts normally do not require the United States, as a party in any civil action, to pay a filing fee."); *U.S. v. Cook*, 08-CV-0680, 2008 WL 4935942, at *4, n.1 (M.D. Fla. Nov. 18, 2008) ("Clerks of the United States District Courts normally do not require the United States, as a party in any civil action, to pay a filing fee."); *U.S. v. Baron*, 08-CV-0414, 2008 WL 4459074, at *3, n.1 (M.D. Fla. Sept. 30, 2008) ("Clerks of the United States District Courts normally do not require the United States, as a party in any civil action, to pay a filing fee."); *U.S. v. Burns*, 92-CV-6593, 1992 WL 247438, at *1 (S.D. Fla. Sept. 14, 1992) ("The clerks of the United States District Courts, however, have not required the United States, as a party in any civil action, to pay a filing fee."); *U.S. v. Spann*, 797 F. Supp. 980, 981 (S.D. Fla. Aug. 14, 1992) ("[T]he clerks of the United States District Courts have not required the government, as a party in any civil action, to pay a filing fee, pursuant to 28 U.S.C. § 1914(a), since even before the undersigned was born.") [citation omitted]; *see also* 28 U.S.C. § 2412(a)(2) ("A judgment for costs, when awarded in favor of the United States in an action brought by the United States, may include an amount equal to the filing fee prescribed under section 1914(a) of this title. *The preceding sentence shall not be construed as requiring the United States to pay any filing fee*.") [emphasis added].

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for default judgment (Dkt. No. 11) is **<u>GRANTED</u>**.

except insofar as it requests an award that includes $150 in court filing fees; and it is further

**ORDERED** that the Clerk of the Court is directed to enter a default judgment in

Plaintiff's favor against Defendant for, pursuant to Fed. R. Civ. P. 55(b)(2), in the total amount

of **$6,599.41** (consisting of $4,861.91 in principal, $1,699.50 in accrued interest as of April 22,

2011, and $38.00 in service-of-process fees).

Date:   March 2, 2012
        Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge